Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
LAURA LOPEZ

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| LAURA LOPEZ, | ) |
| | ) |
| Plaintiff, | ) **Case No.:** |
| v. | ) |
| | ) **PLAINTIFF'S COMPLAINT** |
| GC SERVICES, LIMITED PARTNERSHIP, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, LAURA LOPEZ ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, GC SERVICES, LIMITED PARTNERSHIP ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

**JURISDICTION AND VENUE**

3.  This court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k, as well as pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

4.  This court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

5.  Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District and a material portion of the events at issue occurred in this District.

**PARTIES**

6.  Plaintiff is a natural person residing in the City of Stockton, San Joaquin County, State of California.

7.  Plaintiff is a consumer and a debtor as those terms are defined by the FDCPA and RFDCPA respectively.

8.  Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the RFDCPA.

9.  Defendant is a debt collector as that term is defined by the FDCPA and the RFDCPA.

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency based the City of Houston, Harris County, State of Texas.

12. Defendant is a business entity engaged in the collection of debt within the State of California.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. In or around October 2019, Defendant began calling Plaintiff on her cellular telephone at 209-271-8641 in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from several telephone numbers, including 209-227-2681, 209-222-4060, and 209-222-4562 which are a few of Defendant's many telephone numbers.

23. On or about November 1, 2019, Plaintiff answered one of Defendant's collection calls.

24. During the above-referenced collection call, Plaintiff told Defendant's collector to stop calling Plaintiff.  In response, Defendant's collector laughed at Plaintiff.

25. Despite Plaintiff's request to Defendant to stop calling her, Defendant continued to call Plaintiff in an attempt to collect the alleged debt.

26. On or about November 6, 2019, Plaintiff answered another of Defendant's collection calls.

27. During the above-referenced collection call, Plaintiff told Defendant's collector to stop calling Plaintiff.

28. Despite Plaintiff's request to Defendant to stop calling her, Defendant continued to call

Plaintiff in an attempt to collect the alleged debt.

29. Defendant calls Plaintiff at an annoying and harassing rate.

30. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

31. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

32. Defendant recorded all of its telephone communications with Plaintiff regarding the Account.

33. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

34. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

36. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

37. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

38. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant called Plaintiff at an annoying and harassing rate and then continuing to do so even after Plaintiff requested that Defendant stop calling her—and especially when Defendant's collector mocked Plaintiff's request with laughter;

4

b.   Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant called Plaintiff at an annoying and harassing rate and then continuing to do so even after Plaintiff requested that Defendant stop calling her—and especially when Defendant's collector mocked Plaintiff's request with laughter;

c.   Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Defendant being told to stop calling Plaintiff;

d.   Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Defendant being told to stop calling Plaintiff; and

e.   Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, LAURA LOPEZ, respectfully requests judgment be entered against Defendant, GC SERVICES, LIMITED PARTNERSHIP, for the following:

39. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

40. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

41. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

42. Plaintiff repeats and re-alleges paragraphs 1-41 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

43. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called when Defendant called Plaintiff at an annoying and harassing rate and then continuing to do so even after Plaintiff requested that Defendant stop calling her—and especially when Defendant's collector mocked Plaintiff's request with laughter;

   b. Defendant violated the § 1788.11(e) of the RFDCPA by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances when Defendant called Plaintiff at an annoying and harassing rate and then continuing to do so even after Plaintiff requested that Defendant stop calling her—and especially when Defendant's collector mocked Plaintiff's request with laughter; and

   c. Defendant violated the § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* as detailed *supra* in Count I.

WHEREFORE, Plaintiff, LAURA LOPEZ, respectfully requests judgment be entered against Defendant, GC SERVICES, LIMITED PARTNERSHIP, for the following:

6

44. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

45. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

46. Any other relief that this Honorable Court deems appropriate.

    a.  Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    b.  Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

DATED:  December 2, 2019    AGRUSS LAW FIRM, LLC

By:  /s/ Michael S. Agruss
    Michael S. Agruss
    Attorney for Plaintiff
    LAURA LOPEZ